UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:13-cr-00341-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| RICHARD GENE STEPHENS, | |
| Defendant. | |

AIKEN, Judge:

In 2014, defendant pled guilty to charges of felon in possession of a firearm and possession of a stolen firearm in violation of 18 U.S.C. § 922(g)(1) and (j). At sentencing, I determined that defendant's prior convictions rendered him a career offender under the Armed Career Criminal Act (ACCA), and I imposed the mandatory minimum sentence of 180 months. *See* 18 U.S.C. § 924(e)(1). Defendant now moves to vacate and correct his sentence under 28 U.S.C. § 2255.

Defendant argues that, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions no longer support the ACCA sentencing enhancement. The government opposes the motion and maintains that defendant's burglary, robbery, and controlled substance convictions remain viable, predicate offenses under the ACCA.

Under *Johnson*, defendant's burglary and robbery convictions no longer qualify as predicate offenses under the residual clause of the ACCA. *Id.; see also Welch v. United States*, 135 S. Ct.

1 - OPINION AND ORDER

1257, 1268 (2016) (holding that *Johnson* applies retroactively on collateral review). Further, as I explained in *United States v. Mayer*, No. 6:05-cr-60072-AA (D. Or. Feb. 15, 2016) and *United States v. Dunlap*, No. 1:14-cr-00406-AA (D. Or. Feb. 12, 2016), first- and second-degree burglary and third-degree robbery in Oregon are not predicate ACCA offenses under either the categorical or the modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276 (2013); *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014); *see also United States v. Almanza-Arenas v. Lynch*, 809 F.3d 515 (9th Cir. 2015) (en banc). Accordingly, defendant's burglary and robbery convictions do not qualify as predicate offenses for purposes of the ACCA, and the government no longer relies on defendant's prior convictions for attempting to elude police. Therefore, defendant does not have three prior qualifying convictions and is not subject to the ACCA sentencing enhancement.

Accordingly, defendant's Motion Under § 2255 (doc. 45) is GRANTED. Defendant's previous sentence of 180 months is VACATED, and the court will schedule a resentencing hearing. The parties dispute whether defendant's prior controlled substance convictions qualify as serious drug offenses under the ACCA. This issue will be addressed, if necessary, on resentencing.

DATED this /s/ day of June, 2016.

/s/ Ann Aiken
Ann Aiken
United States District Judge